# The Inhabitants of PLYMOUTH *versus* NATHANIEL CARVER.

A town granted certain land, on condition that the grantee should become bound by bond to maintain a portion of the highway passing by such land, but did not reserve a right of entry in case the highway should be suffered to be out of repair, and the grantee gave a bond accordingly, by which he bound himself, his heirs, executors, administrators and assigns. It was *held,* that the obligation in the bond was not a covenant running with the land, but that the land vested absolutely in the grantee upon his giving the bond.

THIS was covenant broken, for not repairing a highway, and a wall by which the side of the road was supported.

By an agreed statement of facts it appeared, that on May 9, 1709, and on August 1, 1709, the plaintiffs granted to Abiel Shurtleff and James Barnaby, certain land, on condition that they should become bound by sufficient bonds to make and maintain a portion of the highway which passed by such land; that in pursuance of this grant, the grantees, by their bond dated August 6, 1709, and recorded in the registry of deeds, (and upon which this action was founded,) after reciting the grant to them and the condition on which it was made, bound themselves, their heirs, executors, administrators and assigns, to the agents of the plaintiffs, in the sum of fifty pounds, for ever after to make and maintain such portion of the highway; that on March 21, 1710, an indenture reciting the grant and condition, was entered into between the grantees, and Richard Cooper and Francis Adams, by which the westerly part of the land was granted to Cooper and Adams subject to the same condition; that in January 1711, Cooper and Adams, by indenture, made a partition of the land conveyed to them, recognizing in such indenture, the obligation on themselves, their heirs and assigns, to perform the condition; that by an indenture dated March 12, 1713, between Adams and Eleazer Dunham, Adams granted to Dunham, the land assigned to him upon such partition, and Dunham bound himself, his heirs, executors, administrators and assigns, to maintain that portion of the highway, which passed by such land; that on January 1, 1734, the lot of land so conveyed to Dunham was granted by Samuel Kempton to

Plymouth
*v.*
Carver.

Thomas Kempton, by a deed in which it was provided tha the grantee, his heirs and assigns, should maintain the wall on the bank adjoining on the upper side, the full breadth of the land thereby sold ; that in 1814, this lot of land was conveyed to the defendant ; that between 1734 and the date of the deed to the defendant, there had been several conveyances of it, but in none of them was any notice taken of the obligation resting upon Barnaby and Shurtleff and their heirs and assigns, or of any condition upon which the grantees were to hold the land ; that the highway and the wall had been suffered to get out of repair, and that the plaintiffs had been obliged to pay considerable sums of money to indemnify individuals for damages sustained in consequence thereof, and to put the highway and wall in repair.

If the Court should be of opinion, that proof of notice or demand, or usage as to the repairs, was material, a new trial was to be granted ; but if they should be of opinion, that the plaintiffs could maintain the action, independently of such evidence, the defendant was to be defaulted and the damages to be assessed by the Court.

*Oct.* 21*st*   *Eddy* and *W. Thomas*, for the plaintiffs, to the point, that the obligation in the bond of Barnaby and Shurtleff was a covenant running with the land, cited *Spencer's case*, 5 Coke, 16 ; *Bally* v. *Wells*, 3 Wilson, 25 ; *The Queen* v. *Buccleugh*, 6 Mod. 151 ; *Vyvyan* v. *Arthur*, 1 Barn. & Cressw 410, cites 42 *Edw.* 3, 3 ; *Tyler* v. *Hammond*, 11 Pick. 213

*Warren* and *Beal*, for the defendant, were stopped by the Court.

*Oct.* 24*th.*   PUTNAM J. delivered the opinion of the Court. The plaintiffs must maintain, that the land which was granted to Barnaby and Shurtleff, was originally charged with the payment or performance of this bond, and that it continued so charged in the hands of their assignees, and so in the hands of the defendant ; that the original covenantors made a covenant to this effect with the inhabitants of Plymouth in respect of the land. But it is perfectly clear, that the town of Plymouth had no interest whatsoever in the land granted to Bar naby and Shurtleff, after the conveyance of the same to them The town might have conveyed the land upon a condition.

that the grantees should make or maintain the highway, and might have reserved a right of entry for any breach of that duty. But they did no such thing. The only condition they required in the deed, was, that the grantees should give a bond to maintain the highway.

The plaintiffs claim to recover upon the writing declared upon, as a covenant which runs with the land. But with what land is this covenant running ? No right or estate in any land is conveyed by the covenantors to the inhabitants of the town. Nor did the town, in their deed, reserve any right of entry or any interest whatever in the land which they granted to Barnaby and Shurtleff. But on the contrary, the town conveyed the land on a condition, that the grantees would give a bond that they would maintain the highway. The grantees gave a bond to that effect, and thereupon the estate vested in them absolutely.

We think it very clear, that the bond was a personal obligation of the obligors, not subjecting the land which the town had conveyed to them, in any other way than any of the estate of the obligors might be liable to the performance of their personal covenants or obligations. The circumstance, that the obligors bound themselves, their heirs, executors, administrators and assigns, did not give to the town any particular lien or interest in any real estate of the covenantors. There was no privity in estate between the covenanting parties, which would be necessary to exist in order to the creation of a covenant to run with the land. We are of opinion therefore, that the defendant is not liable, as he is the assignee of the land so granted by the town to Barnaby and Shurtleff, under whom the defendant claims to hold it.